I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 11-8-12

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV - 8 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO PEREZ, | ) Case No. CV 12-9376-GAF (JPR) |
| Petitioner, | ) |
| vs. | ) ORDER TO SHOW CAUSE |
| M.D. BITER, Warden, | ) |
| Respondent. | ) |

On October 18, 2012, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody.[1] The Petition challenges a judgment of conviction sustained by Petitioner in Los Angeles County Superior Court on August 21, 2008. This Court's review of the California Appellate Courts' Case Information website confirms the sequence of postconviction events laid out in the Petition. The California Supreme Court denied review of Petitioner's Petition for Review on August 18, 2010. On August 21, 2011, Petitioner filed a habeas petition in Los Angeles County Superior Court. (Pet. at 3.) The superior

---

[1] The Court has used the signature date on the Petition. See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

1

court denied it on September 16, 2011. (Pet. at 4.) He filed a petition in the California Court of Appeal on December 18, 2011, which that court denied on February 21, 2012. On May 29, 2012, Petitioner filed a habeas petition in the California Supreme Court, which denied it on October 18, 2012. Petitioner appears to raise the same claims in his federal habeas Petition as he raised on direct appeal and in his state habeas petitions.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had one year from the date his conviction became final in which to file a federal habeas petition. See 28 U.S.C. § 2244(d). That statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

From the face of the Petition, Petitioner does not appear to be entitled to a later trigger date under § 2244(d)(1)(B). He does not contend that he was impeded from filing his federal Petition by unconstitutional state action. Nor does it appear that Petitioner is entitled to a later trigger date under § 2244(d)(1)(C). He is not contending that any of his claims are based on a federal constitutional right that was initially recognized by the U.S. Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, Petitioner does not appear to be entitled to a later trigger date under § 2244(d)(1)(D). He apparently was aware of the underlying factual and legal predicates of his claims since before his conviction became final: he raised two of them on direct appeal and thus necessarily already knew of them, and the other claims concern events that happened at trial or his appellate counsel's failure to raise certain issues on appeal, and thus Petitioner was necessarily aware of them before his conviction became final.

Petitioner's conviction became final on November 16, 2010, 90 days after the California Supreme Court denied review of his Petition for Review. See Merolillo v. Yates, 663 F.3d 444, 454 n.5 (9th Cir. 2011), cert. denied, 80 U.S.L.W. 3028 (U.S. Oct. 1, 2012) (No. 11-1094). Thus, absent some kind of tolling, Petitioner had until November 16, 2011, to file his federal Petition. He did not file it until October 18, 2012, seemingly almost a year late.

Assuming that Petitioner's state habeas petitions were properly filed, he is entitled to statutory tolling for the 27-day period during which his superior court petition was pending. See § 2244(d)(2). That 27 days would extend his AEDPA deadline to December 13, 2011. Petitioner did not file his court of appeal habeas petition until December 18, 2011. Thus, absent "gap" tolling for the period between the denial of his superior court petition and his filing in the court of appeal, his federal Petition was filed after the AEDPA deadline. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if state petition was timely under state law). Petitioner does not appear to be entitled gap tolling, however, because the 92-day period between the denial of his superior court petition and his filing in the court of appeal (and the similar delay between the court of appeal's denial and his filing in the state supreme court) exceeds the 30 to 60 days the U.S. Supreme Court has identified as "reasonable," see Velasquez v. Kirkland, 639 F.3d

964, 967 (9th Cir. 2011) (citing Evans v. Chavis, 546 U.S. 189, 192-93, 126 S. Ct. 846, 849-50, 163 L. Ed. 2d 684 (2006)), and Petitioner has not offered any explanation for why he did not file his court of appeal petition within the "reasonable" period, see Evans, 546 U.S. at 201 ("unjustified or unexplained" unusual delays not reasonable). So, even with statutory tolling for the pendency of the superior court petition, Petitioner's federal Petition was still apparently about 10 months late unless he can show that his 92-day delay – as well as the similar 97-day delay between the denial of the court of appeal petition and his filing in the state supreme court – was reasonable.

In addition to statutory tolling, under certain circumstances, a habeas petitioner may be entitled to equitable tolling. See Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). But he must show that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005). Here, Petitioner has not purported to make any such showing.

A district court has the authority to raise the statute-of-limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives petitioner adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that on or before **December 10, 2012**, Petitioner show cause in writing, if he has any, why the Court

should not recommend that this action be dismissed with prejudice because it is untimely.  If Petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts demonstrating that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way."

DATED: November 8, 2012

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE